## NEWBERN et al. v. LOUISIANA IRON & SUPPLY CO. et al.

No. 4636.

Court of Appeal of Louisiana. Second Circuit.

Nov. 3, 1933.

Harry V. Booth and Wm. H. Cook, both of Shreveport, for appellants.

Wilkinson, Lewis & Wilkinson and E. S. Klein, all of Shreveport, for appellees.

MILLS, Judge.

This suit grows out of a collision between two automobiles, which occurred on the night of January 14, 1932, on Highway No. 80, about one-half mile west of Jonesville, Tex. An Oldsmobile coupé, belonging to Newbern, in which he was a passenger, but which was being driven by Allen Wilson, overtook and attempted to pass a truck and trailer, heavily loaded with iron pipe, belonging to defendant, but being driven by L. A. Thompson, its employee, in the course of his employment. Seated on the right of Thompson in the cab of the truck was N. W. Wade, a passenger. The cars were driving on a straight stretch of road, having just rounded a turn.

The only eyewitnesses testifying in this case are the four named above. Newbern and Wilson testify that the horn of the coupé was sounded twice as it started to pass the truck; that the truck pulled over to the right-hand side of the road, apparently inviting them to pass; that they pulled over to the left-hand side and had almost passed the truck when its driver suddenly cut to the left, over the center of the road, the left front wheel of the truck striking the right rear fender and wheel of the coupé with such force that the coupé careened down the road out of control, overturned several times, and ended up in the ditch on the right-hand side of the highway, causing damage of which Newbern claims $960, and Wilson $360.

Both Wade and Thompson for the defense, testify that when the coupé started to pass, the truck pulled over to the extreme right of the road, all of its right wheels being off the pavement and on the graveled shoulder; that this position was maintained throughout by the truck; that it did not cut to the left and had no occasion to do so; that the truck was struck on the left front wheel by the back end of the coupé, which cut in too quickly to its right before it had completely cleared the truck. The force of the impact knocked the truck, also, into the ditch on its right-hand side. After the collision both these witnesses

walked back along the road and examined the marks appearing thereon. They both testify that the prints made by the right-hand wheels of the truck were plainly discernible in the soft gravel, and that they continued from the point of collision to where the truck landed in the ditch, proving conclusively, according to their testimony, that it did not at any time cut to the left, as claimed, or leave its position on the extreme right-hand side of the road.

On the other hand, Wilson, the driver of the coupe, admits that he did cut at least to some extent to his right, for he testifies: "The highway is asphalt and is a little narrow, and I was on the left hand side and then I went to go by and I never pulled back but a little bit,—never pulled back completely."

He thus admits that he had started to cut his car to the right.

Upon this showing, the district judge, who saw and heard the witnesses, rejected plaintiffs' demands.

Not only because of this advantage, but also because the weight of the testimony clearly preponderates in favor of the defendants and is supported by the probabilities of the situation, we find the judgment of the lower court to be correct. It is accordingly affirmed.